## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STACEY PROBST, ERIKA PROBST;** | : | **CIVIL ACTION** |
| ***et al.,*** | : | |
| *Plaintiffs* | : | |
| | : | |
| **v.** | : | **NO. 23-CV-1231** |
| | : | |
| **WILLIAMSPORT, PA (POLICE** | : | |
| **OFFICER),** ***et al.,*** | : | |
| *Defendants* | : | |

## M E M O R A N D U M

NITZA I. QUIÑONES ALEJANDRO, J.                                                            AUGUST 7, 2023

Stacey Probst signed a *pro se* Complaint (ECF No. 2) asserting civil rights claims against several John Doe police officers of the Williamsport, Pennsylvania Police Department. Also listed as Plaintiffs in the caption of the Complaint were Erika Probst and the Probsts' two minor children, neither of whom signed the Complaint. In a prior Order filed under seal (ECF No. 5), Erika Probst was directed to sign the Complaint if she determined to be a Plaintiff in this case.[1] The Court also noted that Stacey and Erika lacked standing to pursue claims on behalf of their children and could not personally represent their children. Rather, if they sought to pursue claims on behalf of their children, they had to retain counsel to represent the minors. (*Id*.) The Probsts were permitted a thirty-day period to correct these defects. However, Erika has failed to respond to the prior Order to sign the Complaint and no attorney has appeared for the minor children. Therefore, Erika's claims and the claims of the minor children will be dismissed, without prejudice.

---

[1]           Both the Complaint and the Order were filed under seal because Probst appended bank statements to the Complaint containing personal identifying information and the Complaint listed the minor children's names, rather than identifying them only by their initials. See L.R. 5.1.3.

Upon statutory screening of Stacey Probst's claims pursuant to 28 U.S.C. § 1915, the Court finds that Stacey's wrongful death/survivorship claim must be dismissed.  Stacey's remaining claims against the John Doe Williamsport police officials will be transferred to the United States District Court for the Middle District of Pennsylvania.

## I.      FACTUAL ALLEGATIONS[2]

In the Complaint, Probst alleges that on March 27, 2021, he was assaulted by five unknown Williamsport police officers who slammed him to the floor of the police station.  (Compl. at 4, 5.) Probst alleges that he was at the police station to report that he had been robbed, and that the acts of the five officers were allegedly captured on surveillance cameras.  (*Id.*)  In the assault, Probst allegedly broke his rotator cuff in his shoulder and suffered nerve damage in his right arm.  (*Id.* at 5.)

Separately, Probst asserts that his son was "murdered" due to a botched circumcision.  (*Id.*) The Complaint also includes an allegation that Erika Probst "was attacked in her home [and] was arrested in self-defense."  (*Id.*)  Perhaps relatedly, Stacey claims "the City of Philadelphia did not protect me or my family."  (*Id.*)  Probst lists Temple Hospital and Dr. Duncan as Defendants in the caption of the Complaint, but makes no specific allegations about how they were involved in any of the incidents described.  Probst seeks money damages.

## II.     STANDARD OF REVIEW

The Court grants Probst leave to proceed *in forma pauperis* because it appears that he is unable to pay the cost of filing the Complaint.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a

---

[2]      The factual allegations set forth in this Memorandum are taken from Probst's Complaint (ECF No. 2).  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Probst is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

### A.    Wrongful Death/Survivorship Claim

The Court understands Probst to be asserting a wrongful death or survivorship claim in his own name based on the death of his son. That claim cannot proceed.

At common law, an action for personal injury did not survive a person's death. *Pennock v. Lenzi*, 882 A.2d 1057, 1064 n. 8 (Pa. Commw. Ct. 2005) (citing *Moyer v. Phillips*, 341 A.2d 441, 442-43 (Pa. 1975)). To counter this, the Pennsylvania legislature enacted a survival statute providing that "all causes of action or proceedings, real or personal, shall survive the death of a plaintiff." *See Salvadia v. Ashbrook*, 923 A.2d 436, 439 (Pa. Super. Ct. 2007) (quoting 42 Pa. Con. Stat. § 8302). The purpose of the statute is to compensate "the decedent's survivors for the

pecuniary losses they have sustained as a result of the decedent's death. . . .  This includes the value of the services the victim would have rendered to his family if he had lived." *Linebaugh v. Lehr*, 505 A.2d 303, 304 (Pa. Super. Ct. 1986) (quoting *Slaseman v. Myers*, 455 A.2d 1213, 1218 (Pa. Super. Ct. 1983).  Complimenting the survivor action, a wrongful deathful action filed pursuant to § 8301 is designed to compensate the spouse, children, and parents of the deceased for the pecuniary loss they have sustained as a result of the decedent's death.  *McMichael v. McMichael*, 241 A.3d 582, 587-88 (Pa. 2020); *Linebaugh*, 505 A.2d at 304 ("A wrongful death action does not compensate the decedent; it compensates the survivors for damages which they have sustained as a result of the decedent's death.").  Notably, under Pennsylvania law the cause of action for damages for "loss of consortium" is available only to a spouse, so no claim may be brought by a parent due to the parent's loss of society and companionship of their child.  *See Cleveland v. Johns-Manville Corp.*, 690 A.2d 1146, 1149 (Pa. 1997) (claim for loss of consortium arises from marital relationship); *Quinn v. Pittsburgh*, 90 A. 353, 354 (Pa. 1914) (holding that only a spouse may recover for loss of companionship).  *See also Dep't of Pub. Welfare v. Schultz*, 855 A.2d 753, 755 (Pa. 2004) (holding that, because a parent cannot bring an action for loss of consortium resulting from the death of her child, the parent was barred under the Sovereign Immunity Act from bringing an action against the Commonwealth for non-pecuniary losses). Because Stacey cannot plausibly assert his own personal claim in the nature of a loss of parental consortium, any claim that may be asserted due to the death of the child must be asserted under the wrongful death and survivorship statutes.

Under the survivorship statute, all actions that survive the decedent must be brought by or against the personal representative of the decedent's estate.  *Salvadia*, 923 A.2d at 439.  An action for wrongful death under § 8301 to recover damages for the death of an individual caused by the

wrongful act, neglect, unlawful violence or negligence of another may also only be brought by the personal representative of a decedent for the benefit of those persons entitled by law to recover damages for the decedent's wrongful death. *See* 42 Pa. Con. Stat. § 8301(d). Thus, an individual, even if he qualifies as a wrongful death beneficiary because he is the father of the decedent, may not institute an action individually on his own behalf. *Bouchon v. Citizen Care, Inc.*, 176 A.3d 244, 259 (Pa. Super. Ct. 2017). Rather, all causes of action that arise by virtue of the decedent's wrongful death must be brought by a decedent's personal representative. *Id*. ("A decedent's personal representative must bring all causes of action that arise by virtue of the decedent's wrongful death."). "In short, attempts to assert causes of action to recover damages for the death of an individual caused by the wrongful act of another – other than those brought by a decedent's personal representative for wrongful death and/or survival – are not permitted." *Id*. Accordingly, Probst's wrongful death survivorship claim brought in his own name based on the death of his son must be dismissed without prejudice. This claim must be asserted in an appropriate court through counsel representing the child's estate.

**B.     Excessive Force Claim**

Probst appears to assert a constitutional claim for excessive force against officers of the Williamsport Police Department.[3] The incident involving that claim occurred in Williamsport, Pennsylvania. Williamsport is located in Lycoming County, which is in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). Since there is no apparent basis for venue over this claim in the United States District Court for the Eastern District of Pennsylvania, the remaining claim in

---

[3]     While Stacey Probst alleges an attack on Erika and that the City of Philadelphia did not "protect me or my family," this conclusory statement is insufficient to state a plausible claim that Stacey may assert. Read liberally, the Court understands this allegation to relate to Erika's claim that she was attacked in her home, and rather than "protect" the family, Philadelphia police arrested Erika as a result of the incident. That claim would belong to Erika and not Stacey. Since Erika failed to sign the Complaint, that claim may not be asserted in this case. Accordingly, this claim is dismissed without prejudice.

this case for excessive force will be transferred to the United States District Court for the Middle District of Pennsylvania.

      An order will be entered separately dismissing this case in part without prejudice and directing the Clerk of Court to transfer the case.[4]


*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[4] Given the Court's disposition, action on Probst's motion to appoint counsel (ECF No. 3) will be left to the discretion of the transferee court.